Dear Dr. Savoie:
Your request for an Attorney General Opinion has been referred to me for a response.
You state in your opinion request that postsecondary educational institutions have incurred significant additional expenses due to increases in utility costs. The additional costs exceed amounts appropriated. Management boards have considered imposing a "utility surcharge" on students to cover the increased cost of utilities. The amount of the surcharge would be directly related to the increased cost of utilities and would periodically be adjusted up or down to reflect future increases or decreases in this cost. You ask if postsecondary education management boards have the authority to impose such a utility surcharge without approval of two-thirds of each house of the legislature.
Article 7, 2.1 of the Louisiana Constitution (1974) provides as follows:
 Any new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or any board department, or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature.
 The provisions of this section shall not apply to any department which is constitutionally created and headed by an officer who is elected by majority vote of the electorate of the state.
Attorney General Opinion No. 96-353 considered whether certain charges should be considered a fee for purposes of Article 7, 2.1. In that opinion, this office stated:
 Article 7, Section 2.1 applies to all new fees and fines and all increases to existing fees and fines charged by any state board, department or agency of this state. Adopting a definition of the word fee which would restrict it to a charge for the services of a public official or a privilege under the control of government is a reasonable interpretation which gives effect to the Legislature's intent while preventing an absurd result. Under such an interpretation, charges which are assessed by a governmental entity for the purpose of defraying the costs of providing a governmental service or the costs of regulating a particular area would be considered fees. Those fees or charges for nongovernmental functions or products and/or services not in the control of the governmental entity at issue would be exempt from the legislative review.
 The Louisiana State University System is created and exists for the sole purpose of providing public higher education to the citizens of this State. This is its governmental function. Those charges which are assessed for the provision of higher education to LSU students would be considered fees for purposes of Article 7, Section 2.1. Any charges which are for services or products which are not directly a part of the delivery of an education are not considered fees. Thus, with respect to those enumerated examples listed in your opinion request, it is the opinion of this office that student housing, food services, book store merchandise, medical or veterinary services and admittance to extracurricular events are not directly a part of the governmental function of providing higher education, thus, charges for these goods and services would not be considered fees.
It is the opinion of this office that a charge for the cost of utilities is comparable to a charge for student housing, food services, etc. considered in the above referenced opinion . Therefore, postsecondary education management boards may impose a utility surcharge such as the one discussed above without the necessity of approval by a two-thirds vote of the legislature.
I trust this opinion has sufficiently addressed your concerns. If I can be of further assistance to you, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ James C. Hrdlicka Assistant Attorney General
RPI:JCH:lrs